FILED
CHARLOTTE, NC

FEB 1 4 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

Kevin Eric Scott Private Living Trust
Kevin Eric Scott, Private American, Subrogee
Cestui Que Trust                        Plaintiffs,

vs

WESTLAKE FINANCIAL, LLC
KEVIN ERIC SCOTT, obligor
                                    Respondents,

AMENDED
BILL IN EQUITY
FOR BREACH OF TRUST,
INJUNCTION, SUBROGATION,
ACCOUNTING, RECOUPMENT,
DISCOVERY and
EXONERATION

Civil Action No.
3:25-cv-00004 (FDW)

## JURISDICTION

1.     This court has jurisdiction pursuant to the Constitution of the United States of America

under Article III, section 2, in Equity jurisdiction. Authority is also conferred pursuant to this

court's diversity jurisdiction to adjudicate cases where the parties are diverse in citizenship and the

amount in controversy exceeds Seventy-Five Thousand dollars.

## PARTIES

2.     The Kevin Eric Scott Private Living Trust, as the name implies, is an expressed private

trust, settled under the Laws of Equity of 1776, under the original Organic written Constitution for

the United States of America's Republic, created for the express purpose of merging titles for all

of the corpus of the trust.  Per Indenture Agreement, this trust shall be administered, managed,

governed and regulated in all respects in accordance with the Laws of Equity of 1776 of the United

States of America, under judicial power, under the Laws of Equity.  The Declaration of Trust was

filed in Union County, North Carolina state on March 26th, 2024, Book number 08874, Start page

1

0833, end page 0839 and filed as instrument number 06546. Please see Exhibit A, Certificate of Foreign Grantor Trust. The Indenture Agreement and private Trust res documents are available for in chambers' inspection for a fee, as listed on the Fee Schedule, as it is special, private, proprietary and contains trade secrets.

3.      Kevin Eric Scott is a living human being, a man upon the land, having the status of a private American state national and ***private banker***, whose rights, titles and beneficial interests are held in trust by the Kevin Eric Scott Private Living Trust. I, Kevin Eric Scott, as then surety, now subrogee for buyer/obligor KEVIN ERIC SCOTT, ***as a private banker***, signed and issued the Promissory Note used to fund the transaction in question and therefore have an equitable interest in the matters complained of herein. My rights, title and equitable interest in the Promissory Note signed on August 3rd, 2022, in the amount of $167,919.00 have been transferred to the Kevin Eric Scott Private Living Trust and is trust property. See Exhibit B. I am the beneficiary and sole exclusive heir of the Kevin Eric Scott Private Living Trust, and succeed to the rents, profits, titles, rights and not the penalties. Plaintiff Kevin Eric Scott is not a resident of, nor domiciled in the UNITED STATES, nor is the Plaintiff a resident in the Federal Territory known as STATE OF NORTH CAROLINA under EIN number 56-1611588. I am domiciled in North Carolina, a union member state. I can be reached at 4013 Tremont Drive, Indian Trail, North Carolina state, Non-Domestic, Without the US. ***Plaintiff is not a District citizen, Office, Trust or any other type of US person or Franchise*** and does not reside in a military occupied area or US Territory and therefore requires ***civilian due process*** protections which are firmly established under Article III, Section 2 of the Constitution for the United States of America. As a private American state national, ***I am not subject to the Trading With the Enemy Act as amended by the Emergency Banking***

*Relief Act of 1933,* and this court is charged with sole exclusive duty to protect me and my property and civilian due process protections of the written Constitutions.

4.     Respondent WESTLAKE FINANCIAL, LLC is a California Limited Liability Company located at 4751 Wilshire Blvd #100, Los Angeles, CA 90010. Respondent is diverse from the Plaintiffs named herein, in that, Respondent is a United States Citizen residing and conducting business in the STATE OF CALIFORNIA, which is a Federal Territory under EIN number 68-0284175, while Plaintiffs are Private American state nationals and private trust, dwelling at all times relevant in a union member state, North Carolina.

5.     KEVIN ERIC SCOTT is a US Person, Trust, Office, Franchise, Employee or other legal entity of the United States, an insolvent debtor, residing in Federal Territory at 4013 Tremont Drive, Indian Trail, NC 28079. KEVIN ERIC SCOTT was the buyer of the automobile which is the subject of the agreement in question and is the ***principal debtor*** and ***subrogor*** in this matter and is not the same person or entity as Plaintiff Kevin Eric Scott. See Exhibit C. Although not binding on this court, Exhibit C is a court ordered name correction and makes the distinction between these two entities. Ordinarily, in a Court of Law, the legal doctrine of idem sonans is in full effect and allows a court of law to disregard the misspelling of a party's name, as long as they are pronounced the same.  An equity court however terminates this legal doctrine.

## RELEVANT BACKGROUND INFORMATION

6.     On or about August 3rd, 2022, Plaintiff Kevin Eric Scott, in his capacity as a private banker and surety for debtor/buyer KEVIN ERIC SCOTT, issued a Promissory Note to ROLLS ROYCE

3

MOTORCARS OF RALEIGH on behalf of buyer KEVIN ERIC SCOTT for the purchase of a 2021 Mercedes Benz G63. The Retail Installment Sale Contract, among other documents, were signed with a restricted signature pursuant to UCC 1-308, "Without Prejudice" to any of Plaintiff's private rights. See Exhibit G. As surety for the buyer KEVIN ERIC SCOTT, Plaintiff Kevin Eric Scott provided a One Hundred Thousand dollar ($100,000.00) cash down payment and provided his private credit in the form of a Promissory Note in the approximate amount of $167,919.19. According to the sales contract, the Finance Charge was $56,932.49. The Amount Financed was $167,919.19, for a combined Total Payments of $224,851.68 plus the $100,000.00 dollar cash down payment for a Total Sale Price of $324, 851.68. Plaintiff, in his capacity as a *private banker*, which is a *Financial Institution* under Federl Law, [See 31 U.S.C § 5312(a)(2)(C)], issued the Note to ROLLS ROYCE MOTORCARS OF RALEIGH, (hereinafter RRMR) as a surety for the buyer KEVIN ERIC SCOTT. RRMR then sold, transferred or assigned the Note to Respondent WESTLAKE FINANCIAL, LLC, hereinafter WESTLAKE. Respondent WESTLAKE accepted the Note and did not credit the debtor's account for the value of the Note. The Plaintiff provided Respondent with an equitable asset and received no credits or valuable consideration in exchange therefore. Respondent and RRMR, never disclosed in the Sales Agreement that the funding/credits actually belonged to the signer. Instead, Respondent WESTLAKE enforced the Note as a contract against the Debtor KEVIN ERIC SCOTT, then treated the surety as the principal debtor and thereby required the surety to twice discharge/pay the buyers debt. Respondent did not risk any of their assets in the transaction.

7.    Since August 3rd, 2022, Plaintiff has made approximately 18 to 20 monthly payments as the surety, at a rate of $3,122 dollars per month, times 20 months, for an approximate  total of

4

$62,440. Plaintiff has also furnished Respondent with a Notice of Interest in the Promissory Note

and Notice of Subrogation and Substitution, along with a $21.00 Postal Money Order as a Special

Deposit for the discharge of the debt to settle and close the account. See Exhibit D & E. The Notice

of Interest informed Respondent of Plaintiff's interest in the Note and that all rights, title and

equitable interest in said Note has been transferred and assigned to the Kevin Eric Scott Private

Living Trust, in exchange for lawful valuable consideration and is now trust property.  See Exhibit

B.  Plaintiff also informed Respondents that the legal and equitable title to the vehicle were merged

under said private trust. See Exhibit F.  To date, Respondents have not relinquished their interest

in the property via lien release or otherwise. Respondents continue to seek to take possession the

property/collateral as security for their purported debt. Respondents continue to hold an interest, a

lien, on the legal title to the property/vehicle.


**First Cause of Action**

8.      The Promissory Note signed on August 22nd, 2022 at ROLLS ROYCE MOTOR CARS OF

RALIEGH, by Plaintiff, has a cash value of $167,919.19, that was not credited to the balance of the

the price of the vehicle, in the RISC. The Promissory Note was not factored into the RISC as a

tender of payment. Had the cash value of the Note been applied to the balance of the price of the

vehicle in the RISC, there would be no balance. Plaintiff's $100,000.00 down payment plus the

value, i.e. the credits in his $167,919.00 promissory Note, completely discharges the price of the

vehicle. Respondents simply deposited the Plaintiff's Note and the private credits therefrom, by

monetizing or securitized and converted the Plaintiff's Note to public credits and used those same

credits to pay the public debt to ROLLS ROYCE MOTOTCARS OF RALEIGH for the balance

on the car. In other words, the funds were created from Plaintiff's signature on the Note. The **Respondents therefore, did not loan the Plaintiff any money nor did they lend any of their assets.**

**Factual Allegations in Support First Cause of Action**

9.     The factual allegations to support this claim is articulated herein-above under "RELEVANT BACKGROUND INFORMATION", paragraph 6, on page 4, wherein it states that, "*as surety for KEVIN ERIC SCOTT, Plaintiff provided a One Hundred Thousand dollar ($100,000.00) cash down payment and provided his private credit in the form of a promissory note in the amount of $167,919.19.*" "*The Plaintiff provided Respondent with an equitable asset and received no credits or valuable consideration in exchange therefore.*" "***Respondent did not risk any of their assets in the transaction.***"

**Second Cause of Action**

10.     The plaintiff acted in the capacity of ***surety*** for the buyer and has equitably subrogated the Respondents. Respondent's however, continue to treat the surety as the principle debtor to unjustly enrich themselves.   Subrogation terminates the suretyship relations. The Promissory Note was issued as a tender of payment by a Financial Institution as defined in Title 31 U.S.C. 5312(a)(2)(C), a private banker.  The Note was a tender of payment issued by a private banker/financial institution, that was not credited in the RISC.  Respondent deposited the credits from the Note and used those same credits to pay ROLLS ROYCE MOTORCARS OF RALEIGH, without using any of their funds or assets. This was therefore, not a loan.

**Factual Allegations in Support Second Cause of Action**

11.     *"Plaintiff, in his capacity as a **private banker**, which is a **Financial Institution** under Federl Law, [See 31 U.S.C § 5312(a)(2)(C)], issued the Note to ROLLS ROYCE MOTORCARS OF RALEIGH, (hereinafter RRMR) as a surety for the buyer KEVIN ERIC SCOTT. RRMR then sold, transferred or assigned the Note to Respondent WESTLAKE FINANCIAL, LLC, hereinafter WESTLAKE. Respondent WESTLAKE accepted the Note and did not credit the debtor's account for the value of the Note. Respondents were provided a Notice of Interest Under Trust and a Notice of Subrogation."*

**Third Cause of Action**

12.     The Promissory Note signed on August 22nd, 2022 at closing, **is trust property**. It is an equitable asset belonging to said express/private living trust. The value of which has been appropriated not for the benefit of the Plaintiff/beneficiary but for the benefit of the Respondent. The Note has a cash value of $167,919.19 that was not credited towards the price of the ***car in the RISC***. Respondents paid ROLLS ROYCE MOTOR CARS OF RALIEGH the $167,919.19 as proceeds from the Note. If the proceeds/credits came from Plaintiff's Note, then there was no loan! The credits in the Plaintiff's Note, is the funds that financed the transaction. Respondent is the 'holder' of trust property and therefore has a trustee relationship with the Plaintiff, Respondent is not the 'holder in due course' of that instrument and is therefore liable on the instrument.

**Factual Allegations in Support Third Cause of Action**

13.     The factual allegation to support this claim is expressed in the Bill/Complaint in paragraph 6, on page 4, where it states that *"The Notice of Interest informed Respondent of Plaintiff's interest*

*in the Note and that all rights, title, and equitable interest in said Note has been transferred and*
*assigned to the Kevin Eric Scott Private living Trust"*.

**Fourth Cause of Action**

14.     Plaintiff holds equitable title to the vehicle while Respondent has a lien on the legal title to
the vehicle. The lien is based on an invalid debt because Respondent has failed or refused to credit
the debtors account for the value of the Promissory Note. The Lien is invalid because Respondents
did not actually loan any money to the Plaintiff.

**Factual Allegations in Support Fourth Cause of Action**

15.     Respondent WESTLAKE accepted the Note and used the proceeds/credits therefrom to
fund the transaction. Respondents paid ROLLS ROYCE MOTORCARS OF RALEIGH from the
credits of the Note. ***Respondents did not loan any of their assets or money***. The Plaintiff provided
Respondent with an equitable asset and received no credits or valuable consideration in exchange
therefore in the RISC.  Respondent and RRMR, never disclosed in the Retail Installment Sales
Agreement that the funding/credits ***actually belonged to the signer and that they did not loan any***
***of their own assets or money***.  Instead, Respondent WESTLAKE enforced the Note as a contract
against the Debtor KEVIN ERIC SCOTT, then treated the surety as the principal debtor and
thereby required the surety to twice discharge/pay the buyers debt.  Respondent did not risk any
of their assets in the transaction.


**Fifth Cause of Action**

16.     Respondent has securitized the Plaintiffs Note and is not the real party in interest and
therefore has so no standing to collect on the Note or to hold a security interest in the vehicle.

**Sixth Cause of Action**

17.     Respondents have charged off and has collected a tax credit.

## REASONS TO ADJUDICATE IN A COURT OF EQUITY, EXCLUSIVELY UNDER ARTICLE III AND NOT A COURT OF LAW.

18.     For the forgoing reasons, Plaintiff seeks the audience of an Article III judicial officer in a court of equity as opposed to a court of Law, as a special deposit therein, under the doctrine of election because (a) this matter involves the rights, titles and interests of a private trust, a court of equity would rule differently from a court of law on these issues and (b) this matter also involves and affects the rights, title and interests of a private American state national. The operative difference between a private American state national and a US citizen is the ability to have rights to property. The former has private rights to property while the latter, a US citizen, is itself a piece of property and franchise and therefore does not enjoy the right to legal title to *any* property, ***such as a promissory note***, because a US citizen is '*property and franchise*' of the US government. See Wheeling Steel Corp. v. Fox, 298 U.S. 193, 80 L. ed. 1143, 56 S. Ct. 773. The US District Courts and the Supreme Court, informed us long ago that "*the only absolute and unqualified right of a United States citizen is to residence within the 'territorial' boundaries of the United States.*" See U.S. v Valentine, 288 F. Supp 957. A private trust is governed exclusively by equity jurisprudence. Congress does not legislate private trusts. See Eliot v Freeman, 220 U.S. 178 (1911). Plaintiff, Kevin Eric Scott is a private banker and issued the note in that capacity. For the foregoing reasons, the matter must be heard in a court of equity because equity would rule differently from a court of Law.

A. This matter involves and affects the rights, titles and interests of a private trust and a private American state national which are governed by the Rules of Equity, exclusively. Private

9

rights are not cognizable in a public, at Law Court because Congress does not legislate or regulate private trusts. A Court of Law does not recognize the beneficiary as the true owner, see Gibsons, *A Treatise on Suits in Chancery*, "**§ 57. Equity Regards the Beneficiary as the Real Owner.** *In a Court of Law, in case of an express trust, the beneficiary is not recognized, and has no rights the trustee is bound to respect.*" **Whenever there is a conflict between the Rules of Equity and the Law, Equity shall always prevail.**

B. ***Respondents have no estate or equitable interest in the property*** and is simply an alleged creditor holding a lien upon the purportedly financed property as a security for its purported debt.

C. This is a credit only transaction, for which Respondents would refuse like payments or purely credit payments.

D. Respondents would clog, refuse or deny Plaintiff's equity of redemption of the Note.

E. Respondents would refuse to discharge their lien after my tender to the pledge.

F. Respondents treat Plaintiff as a third party to his own estate to clog and deny the merging of titles.

G. Respondents treat Plaintiff as a debtor and not as the surety to deny the surety, the right of equitable subrogation, the equity of redemption and to unjustly enrich themselves.

H. Respondents require Plaintiff to do **'legal'** defense *when no adequate and complete remedy exists at Law that traces, attaches and returns all of Plaintiff's interests in the property/Promissory Note.*

I. The Respondents adhere to statutory Notice procedures which conceals the third party, in rem nature of the proceedings thereby allowing a statute to be used as a cloak for fraud.

J.  Respondents may have destroyed the original Note containing the surety's actual wet signature and is using digital copies, per the Uniform Electronic Transfer Act, which imputes further actions by the surety to perfect his interests or else the Law regards it as abandoned. This is repugnant to the Constitution.

K.  The life span of a Promissory Note is Nine months and any expansion beyond the Nine months converts the Note to a security instrument and not an actual Note and was (a) not disclosed at closing, (b) obscures the real party in interest, and (c) prevents Respondents from having any **standing** to legally enforce or collect on the Note once securitized because they are no longer the real party in interest.

L.  Respondents actions of enforcing the Note against the issuer by demanding monthly payments when the Note itself has an uncredited cash value, constitutes an unjust enrichment that equity will not allow. The surety will have paid twice for the same property, while the Respondents trade on the Plaintiff's Note as a security ***'and'*** [Emphasis Added] collect monthly payments from the debtor.

M. Respondents have transferred, sold or securitized Plaintiff's equitable asset without notice or consent and have no standing to lawfully collect monthly payments on the Note.

N.  Equity will see the Promissory Note as Plaintiff's asset while a Court of law will see the Note as a contract, although lacking in lawful valuable consideration, it will be seen as a liability to the Plaintiff.

O.  Plaintiff seeks equitable remedies only.

P.  The debt was charged off and Respondents received a tax credit yet they continued to hold a lien/interest in the property, equity will see this as an unjust enrichment.

11

Q. Both legal and equitable titles to the property in question were merged under trust and equity protects trust property/res above all else.

R. A court of equity terminates the legal doctrine of idem sonans which allows a court of law to disregard the misspelling of a party's name, as long as it is pronounced the same. A court of equity terminates this legal doctrine.

19. Based on the reasons above, A through R, a court of Equity would rule differently than a Court of Law. Plaintiff as a private American state national whose rights, titles and interests are held in trust, are governed by equity, exclusively, under civilian due process protections, regarding property, under the Fifth Amendment generally and under Article III, Section 2 of the Constitution for the United States of America. ***Said protections and private rights are not cognizable in an at law proceeding or in proceedings purely legal in nature***. Plaintiff is the sole exclusive heir and succeeds to the rents, profits, titles, benefit and not the penalty. ***Whenever there is a conflict between the Rules of Equity and the Law, Equity shall always prevail.***

## THE NOTE IS AN EQUITABLE ASSET OF THE SIGNER/TRUST

20. The Promissory Note contained an unconditional 'promise to pay' in the amount of approximately $167,919.19. A promise to pay, which is credit, is the evidence of a debt and evidences' of debt are considered money, under the prevailing legal and social construct of the day. ***It represents my private credit issued as money of account*** when deposited. {Emphasis added] The *'evidence'* of debt ***is*** money. ***The Promissory Note was to be used to settle and close the account to fully discharge the balance of the debtor's debt on the property.*** A promise to pay can either be a liability or an asset, depending on the status of the issuer and the type of court reviewing

12

the Note. A court of equity must see the Note as trust Res and protect it as such. See Henry Gibsons, Suits In Chancery §925. Equity regards that beneficiary as the true owner, not the trustee/holder.

21.     Respondent WESTLAKE is a 'holder' of the Note and are therefore trustees and not beneficiaries and are liable on the Note. Respondents were furnished with a Notice of Interest and Notice of Equitable Subrogation on December 16th, 2024. Respondents are *not* the ***holder in due course*** of the Note or the Securities, if the Note was securitized as is the common practice for that industry.

22.     Equity preserves trust property above all else, *even to the extent of staying legal actions,* including criminal prosecutions, where the trust res is threatened by such proceedings. Reference: Henry R. Gibson's Suits In Chancery, § 56.

### DEMAND FOR DISCOVERY AND FORENSIC ACCOUNTING

23.     Plaintiff seeks full and fair accounting of the matters complained of herein. There exists a fiduciary relationship between the Plaintiff and the Respondents due to the fact that Plaintiff, Kevin Eric Scott issued a signed and executed Promissory Note, representing his private credit in the amount of $167,919.00, of which WESTLAKE is now the holder/trustee via Notice of Interest Under Trust received on December 16th, 2024. No accounting was acknowledged in the transaction and no credit given in the Retail Installment Sales Agreement. Respondents owed the Plaintiff a fiduciary duty of honesty, care and fair dealing and by law must manage my deposit for my benefit. ***The Promissory Note was to be used to settle and close the account***, instead said Note was 'deposited' or recorded as a cash proceed that is unaccounted for in the transaction and is not

13

credited in the Sales agreement which constitutes misrepresentation of the truth or fraud upon the agreement. This information was not disclosed at the closing and Respondents did not provide a Notice of cash receipt. ***The Promissory Note is an asset to the Plaintiff and a liability to the Respondents.*** Plaintiff believes that the Respondent has failed to provide a full, fair, accurate and detailed accounting of all transactions and activities related to the documents signed at closing.

24.     Plaintiff also seeks discovery and production of the following documents from the Respondents, jointly and severally, in their original form, for a forensic audit of the transaction. Plaintiff seeks the production from WESTLAKE FINAICIAL, in their original condition:

A.     The Call Report detailing what bank assets were transferred to the Plaintiff on the original loan.

B.     Who is responsible for the accounts payable ledger, to determine what happened to the cash receipt for my deposit.

C.     Produce the accounts payable ledger relative to this transaction.

D.     Produce the off-balance sheet liabilities ledger.

E.     Produce the 1099-IOD, 1099-C and/or 1099-A, relative to this transaction.

F.     Produce the balance sheets with OMB numbers 2046, 2049 and 2099.

G.     Produce the Statement 95 cash flow statement.

H.     Proof of whether the Promissory Note was securitized, sold, assigned or otherwise transferred from WESTLAKE'S purported ownership, custody and control.

I.     Documentary proof of Who is the real party in interest.

14

25.     A failure or refusal to produce all of the above requested information is injurious to Plaintiffs' cause and is cause for exoneration.

## EQUITABLE SUBROGATION AND RECOUPMENT

26.     Equitable Subrogation is the substitution of one thing for another, or of one person into the place of another with respect to rights, claims, or securities. Subrogation denotes the putting a third person who has paid a debt in the place of the creditor to whom he has paid it, so that he may exercise against the debtor all of the rights which the creditor, if unpaid, might have done. The equity by which a person who is secondarily liable for a debt, and has paid it, is put in the place of the creditor, so as to entitle them to make use of all the securities and remedies possessed by the creditor, in order to enforce the right of exoneration as against the principal debtor, or of contribution against others who are liable in the same rank as himself. *See* "Black's Law Dictionary" 2nd Edition. Subrogation is valid when the following conditions are met.  (i) the subrogee made the payment to protect his or her own interest, (ii) the subrogee did not act as a volunteer, (iii) the subrogee was not primarily liable for the debt paid, (iv) the subrogee paid off the entire encumbrance, and (v) subrogation would not work any injustice of the rights of the junior lien holder.

27.     Please take notice and acknowledgment that, I the undersigned, Scott, Kevin Eric, private civilian state national, beneficiary and contributing heir to the Kevin Eric Scott private Living trust and implied surety for the above referenced insolvent principal debtor, now coming as subrogee, hereby solemnly certify and declare that due to liability and compulsion to pay on behalf of Debtor, KEVIN ERIC SCOTT and for the protection of my good name, prevention of loss of property,

15

economic duress, and/or compulsion, we now intervene as implied sureties, now subrogee, on behalf of above referenced principal debtor, and to protect against the unjust enrichment of the Subrogors. Subrogee was not primarily liable for the debt and did not act as a volunteer. I, Subrogee, do hereby invoke my equitable right to subrogation and substitution to the rights of all Creditors-Subrogors. Subrogee do hereby subrogate and substitute to the herein referenced Accounts' and Creditors place concerning all transactions ab initio of the principal debtors. Now as a matter of course, Subrogee seeks an Order, ordering Creditors-Subrogors to discharge and extinguish the liens, levies, seizures, foreclosure and obligations against Debtor and Subrogee, and restore the Subrogee to Creditors' secured interests, any/all Subrogees' collateral, payments, rents, interest and securities or Accounts of principal Debtor.

28.    The Respondent, Kevin Eric Scott issued the Note in question as a private banker and surety for KEVIN ERIC SCOTT, as the principal debtor on the Retail Installment Sales Agreement. This Promissory Note having a cash value of $167,919.00 completely discharged KEVIN ERIC SCOTT'S debt on the automobile, but Respondents failed or willfully refused to apply the credits to settle and close the account. Suretyship is a credit transaction in which the surety, Kevin Eric Scott, provided his private credit to the principal debtor, KEVIN ERIC SCOTT, to allow the principal debtor to contract with an obligee, which is ROLLS ROYCE OF RALEIGH in this instance, who then assigned, transferred or sold their interest in the Note to Respondent WESTLAKE. Respondents, by collecting monthly payment on the Note, *from the issuer/surety*, *who is a Financial Institution* under Federal Law, are attempting to get paid twice on a debt that was already discharged, which constitutes an unjust enrichment because the Note is the asset of the signer/issuer and has a cash value.

16

## **TERMINATION OF SURETYSHIP RELATIONS**

29.     A Notice of Subrogation and Substitution terminates the suretyship relations, the surety becomes the Subrogee and the creditor becomes the Subrogor. Plaintiff has furnished Respondent with a Notice of Interest in the Promissory Note and a Notice of Subrogation, (See Exhibits D) on the 16th day of December, Twenty Twenty-Four.  Plaintiff is now subrogee in this matter and is therefore entitled to the collateral secured by the lien on the Certificate of legal Title or to seek reimbursement from the insolvent obligor KEVIN ERIC SCOTT and/or to be exonerated and discharged.  Plaintiff requests that this court issue an Order subrogating Plaintiff to the position of the original creditor, ordering Respondents/Subrogors or their representatives/trustees to relinquish any and all interests in the property held as collateral for the purported debt in the lien on the Certificate of Title or Order a full and fair forensic accounting and issue a check for the equitable value of the securities held or proceeds therefrom, and not the face value of the Note.


## **BREACH OF TRUST AND INJUNCTION**

30.     Respondents are in breach of trust because Respondents are the holders of trust property and are therefore considered implied trustees. Respondents were indeed notified of this fact via Notice of Interest under Trust and were fully appraised of their position as *"holder"* of the Note, and not the *"holder in due course"*. Respondents received Notice of Interest Under Trust and Notice of Subrogation, Substitution and Recoupment on December 16th, 2024. To date, Respondents have taken no action to either terminate their interest in the property or to return the value of Plaintiff's Note, as trust property/proceeds. Respondents are therefore in breach of trust as they have appropriated trust property and have not given any credit therefor, which constitutes

an unjust enrichment. Respondent's did not loan any asset or credits of their own that justifies 72 months of payments consisting of the "repayment" of principal and interest.

31.     Equity preserves trust property above all else, *even to the extent of staying legal actions*, including criminal prosecutions, where the trust res is threatened by such proceedings. Reference: Henry R. Gibson's Suits In Chancery, § 56.

32.     Based on all of the aforementioned contentions and information, as if fully reproduced herein, Plaintiff seeks injunctive relief to (a) enjoin Respondents from taking possession of the vehicle as Plaintiff will be irreparably harmed and the trust breached, should Respondents be allowed to take possession of the property, (b) to prevent Respondent from treating the surety as the principal debtor, (c) to prevent Respondents from any further action toward enforcing their lien and purported security interest (d) Plaintiff seeks an order to preserve trust res, which are the securities, bonds, chattels, liens, debentures and any indebtedness backed by Plaintiff's private credit and   beneficial interests therein, and legal title to the property in question (e) an order subrogating Plaintiff to the position of the original creditor, entitling said express trust to all securities, proceeds, rents, profits, and lastly (f) if the Respondents securitized the Note, they are enjoined and precluded from enforcing the Note for lack of standing as they are not the real party in interest and have an ownership interest in the Note.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff prays that this court will grant this Bill in whole are in part or as justice may require. Specifically, Plaintiff prays for an order, Ordering:

A. That Plaintiff is subrogee and Respondents are subrogors and Plaintiff is substituted to the place and stead of the original creditor.

B. That Respondents are to produce for discovery, all of the requested documents under paragraph 20, A through I, for forensic accounting, and that a failure to do so exonerates the Plaintiff from any obligations of the obligor, KEVIN ERIC SCOTT, under the implied agreement.

C. That the implied agreement between Plaintiff and Respondent, is invalid for failure to disclose, failure to account for the value of Plaintiff's Note as a cash proceed and the application thereof to balance settle and close the account.

D. That Respondents are in breach of trust as holders of the Note and are liable to Plaintiff for the equitable value of the Note and the $100,000.00 down payment or must relinquish their security interest in the property/vehicle and execute a lien release on the Certificate of Title.

E. Respondents are enjoined from taking possession of the property in question and must release any lien on the Certificate of Title.

F. That Respondents must either recoup and return all securities, chattel, debentures, any disbursements and derivatives arising from securitization of Plaintiff's Note and unjust enrichment therefrom or perform an equity of redemption by applying the value of Plaintiff's Note and the equitable value thereof to the debtor's account for the discharge of all obligations thereunder.

G. That Respondents are in breach of trust and the court should formulate a fair, just and appropriate remedies as justice, equity these circumstances require.

Dated: ~~January~~ February 14, 2025

Respectfully Submitted

Kevin Eric Scott, Private American,
Subrogee, A.R.R Without Prejudice
4013 Tremont Dr, Indian Trail,
North Carolina state, Non Domestic
Without the United States.

Mecklenburg County, NC

Sworn to Before Me February 9th
On this 14th Day of ~~January~~, 2025

David Hampton
Notary Public
My Commission Expires: 12/08/2029

David Hampton
NOTARY PUBLIC
Mecklenburg County, NC
My Commission Expires December 08, 2029

20

**AFFIDAVIT OF SERVICE**

I ~~Belinda Mix~~ *Kevin Scott*, being duly sworn depose and say that, I am over the age of 18 and that, on the _14th_ day of ~~January~~ *February* 2025, I caused to be served upon the parties listed below, a true and foregoing copy of the enclosed Bill in Equity, via USPS Certified Mail, Return Receipt Requested, addressed as follows:

ATT:   Timothy J Anzenberger
       ADAMS AND REESE LLP
       1018 Highland Colony Pkwy, Ste 800
       Ridgeland, MS 39157
       Cert. Mail#_____


Att:   Legal Department
       WESTLAKE FINANCIAL, LLC
       4751 Wilshire Blvd #100
       Los Angeles, CA 90010
       Cert. Mail#_____


Under penalty of perjury of North Carolina state.

Dated: ~~January 11~~ *February 14th* th, 2025

Respectfully
*Kevin Scott*

*Mecklenburg county, NC*
Sworn to Before me *February 2025*
On this _14th_ day of ~~December 2024~~
*Ann Nora* David Hampton
Notary Public
*My commission expires 12/08/2029*

David Hampton
NOTARY PUBLIC
Mecklenburg County, NC
My Commission Expires December 08, 2029