UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-00004-FDW-SCR

| | |
|---|---|
| KEVIN ERIC SCOTT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WESTLAKE FINANCIAL, LLC et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Westlake Financial, LLC's ("Defendant") Motion to Dismiss, (Doc. No. 5); Plaintiff Kevin Eric Scott's ("Plaintiff") Motion to Strike Defense Exhibit A, (Doc. No. 13); Defendant's Motion to Dismiss Amended Complaint, (Doc. No. 16); Defendant's Motion for Hearing, (Doc. No. 18); Plaintiff's Motion to Withdraw as a Party to Suit in My Individual Capacity and Proceed as Beneficiary in a Representative Capacity, (Doc. No. 28); and Plaintiff's Amended Motion to Withdraw as a Party to Suit in My Individual Capacity and Proceed as Beneficiary in a Representative Capacity, (Doc. No. 30).

**I.  BACKGROUND**

This lawsuit arises from Plaintiff's purchase of a 2021 Mercedes-Benz G-Class from Westgate Motor Car, LLC. (Doc. No. 17, p. 2.) The Retail Installment Contract ("RISC") memorializing that purchase was immediately assigned to Defendant, which now holds title to the vehicle and has a first-priority lien. (Id.) Plaintiff seems to assert that he "created a 'Private Living Trust' that holds all his rights and interests" and now seeks "to take the vehicle free and clear of [Defendant's] lien and cancel the RISC." (Id.) It appears Plaintiff contends that "he never had

authority to execute the RISC as an 'individual' and that his 'trust' should be subrogated to [Defendant's] interest in the RISC and vehicle." (Id.)

## II. MOTIONS TO DISMISS

Defendant has moved to dismiss Plaintiff's original Complaint and Amended Complaint. (Doc. Nos. 5, 16.) After Defendant filed its Motion to Dismiss, or, Alternatively, for a More Definite Statement, (Doc. No. 5), Plaintiff filed an Amended Complaint, (Doc. No. 14), which supersedes the original Complaint. Therefore, Defendant's first Motion to Dismiss, (Doc. No. 5), is denied as moot.

The Court next considers Defendant's Motion to Dismiss the Amended Complaint. (Doc. No. 16.) Plaintiff's Complaint is plainly frivolous and fails to state a claim for relief, warranting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). As the Court noted in a previous Order, (Doc. No. 25, pp. 3–4), Plaintiff's Complaint is founded on "sovereign citizen" theories that lack merit. "[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x 105, 106 n.1 (2d Cir. 2013). However, such sovereign citizen claims lack merit and are frivolous. See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (noting that "[r]egardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily . . . ."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting defendant's claim that he was outside the court's jurisdiction as "completely without merit" and "patently frivolous"). Accordingly,

Plaintiff's Complaint fails to state a claim, and Defendant's request for dismissal pursuant to Rule 12(b)(6) is granted.

Defendant also moves for a preliminary hearing on its Motion to Dismiss. (Doc. No. 18.) On review, the Court concludes that a hearing is not necessary, and Defendant's Motion for Preliminary Hearing, (Doc. No. 18), is denied as moot.

### III. MOTION TO STRIKE

The Court next addresses Plaintiff's Motion to Strike Defense Exhibit as Altered and Fraudulent. (Doc. No. 13.) Plaintiff seeks to strike an exhibit to Defendant's Answer. (Id.) However, because Plaintiff subsequently filed an Amended Complaint, which Defendant answered, Plaintiff's Motion to Strike is denied as moot.

### IV. MOTION TO WITHDRAW

The Court next considers Plaintiff's Amended Motion to Withdraw as a Party to Suit in My Individual Capacity and Proceed as Beneficiary in a Representative Capacity. (Doc. No. 30.) The Court previously informed Plaintiff that corporate and other artificial entities must be represented by counsel and that to the extent that Plaintiff designates himself as an entity, he cannot proceed *pro se* and must obtain legal counsel. (Doc. No. 25, pp. 3–4.) Plaintiff takes issue with the Court's reasoning, stating that the Court relied only on cases pertaining to domestic, rather than foreign, entities, and that "[t]he Plaintiff, Kevin Eric Scott Private Living Trust, is a foreign entity with respect to the United States." (Doc. No. 30, p. 1.) As the Court previously noted, by stylizing himself as a "Private Living Trust," Plaintiff appears to be adopting a tactic used by "sovereign citizen" litigants seeking to challenge the court's jurisdiction over them.

Therefore, for the same reasons stated in the Court's previous Order, (Doc. No. 25), Plaintiff's Motion is denied. Additionally, Plaintiff's Motion to Withdraw as a Party to Suit in My

Individual Capacity and Proceed as Beneficiary in a Representative Capacity, (Doc. No. 28), is denied as moot.

V.     **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Westlake Financial, LLC's ("Defendant") Motion to Dismiss, (Doc. No. 5), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Kevin Eric Scott's Motion to Strike Defense Exhibit A, (Doc. No. 13), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 16), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Hearing, (Doc. No. 18), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw as a Party to Suit in My Individual Capacity and Proceed as Beneficiary in a Representative Capacity, (Doc. No. 28), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Withdraw as a Party to Suit in My Individual Capacity and Proceed as Beneficiary in a Representative Capacity, (Doc. No. 30), is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 24, 2025

Frank D. Whitney
Senior United States District Judge